UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MOSES PERL,                                   :     **OPINION AND ORDER**
                                              :
    Plaintiff,                                :
                                              :
       v.                                    :     12-CV-4380 (ER)
                                              :
AMERICAN EXPRESS,                             :
                                              :
    Defendant.                                :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
MOSES PERL,                                   :
                                              :
    Plaintiff,                                :
                                              :
       v.                                    :     12-CV-4796 (ER)
                                              :
COHEN & SLAMOWITZ, LLP,                       :
                                              :
    Defendant.                                :
-----------------------------------------------------------------x

RAMOS, D.J.:

    *Pro se* Plaintiff Moses Perl has filed two *in forma pauperis* lawsuits against Defendants who allegedly accessed his credit report. *See Perl v. American Express*, No. 12-cv-4380 (ER) ("*American Express*"); *Perl v. Cohen & Slamowitz, LLP*, No. 12-cv-4796 (ER) ("*Cohen*"). In both cases, Mr. Perl alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. In *Cohen*, Mr. Perl also alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

    This Court concludes that Mr. Perl has failed to state a claim upon which relief can be granted in his FCRA claims and therefore *sua sponte* DISMISSES without prejudice the entire

complaint in *American Express* and Count 1 in *Cohen*.  This Order does not address the FDCPA claims (Counts 2 and 3) in *Cohen*.

**DISCUSSION**

**Procedural Standard**

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court may dismiss such a complaint, or some portion thereof, if it fails to state a claim upon which relief could be granted.  § 1915(e)(2)(B)(ii).  Even though the law authorizes dismissal on that ground, courts "remain obligated to construe *pro se* complaints liberally."  *E.g., DiPetto v. U.S. Postal Serv.*, 383 Fed. Appx. 102, 103 (2d Cir. 2010); *Johnson v. J.P. Morgan Chase Bank, N.A., et al.*, No. 11 Civ. 662 (DLC), 2011 WL 497923, at *1 (S.D.N.Y. Feb.10, 2011).  Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest claims that they suggest."  *E.g., DiPetto*, 383 Fed. Appx. at 103 (internal punctuation omitted); *see also Johnson*, 2011 WL 497923, at *1.

Nonetheless, a *pro se* complaint must still provide a defendant with fair notice of what the plaintiff's claims are and each of the grounds upon which they rest.  *See Valenzuela v. Riverbay Corp.*, No. 06 Civ. 903 (DLC), 2007 WL 414487, at *2 (S.D.N.Y. Jan. 31, 2007); *see generally Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"Even though all allegations contained in the complaint are assumed to be true" on a motion to dismiss, that "tenet is 'inapplicable to legal conclusions.'" *Zapolski v. Fed. Republic of Germany*, 425 Fed. Appx. 5, 6 (2d Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1949) (affirming *sua sponte* dismissal of *pro se*, *in forma pauperis* complaint).  Rather, "[t]he complaint must plead 'enough facts to state a claim [for] relief that is plausible on its face.'" *Zapolski*, 425 Fed. Appx. at 6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord DiPetto*, 383 Fed. Appx. at 103 ("*pro se* complaints must contain sufficient factual allegations to meet the plausibility standard").  A claim has "'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Zapolski*, 425 Fed. Appx. at 6 (quoting *Iqbal*, 129 S.Ct. at 1949).

**FCRA Counts**

Mr. Perl's purported FCRA causes of action each rest upon the Defendants' alleged violation of Section 1681b.  That section protects consumer privacy by limiting access to consumer credit reports.  To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, *see* 15 U.S.C. § 1681b(f); *see also Stonehart v. Rosenthal*, No. 01-cv-651 (SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug.13, 2001), and that the violation was willful or negligent, *see* 15 U.S.C. §§ 1681n, 1681o; *see also, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995).

In a recent decision dismissing similar claims, *Farkas v. RJM Acquisitions Funding, Inc.*, No. 12-cv-735 (ER), this Court held that a plaintiff must allege specific facts to satisfy the state

of mind element. *See also Perl v. American Express*, No. 11-cv-7374 (KBF), 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012) (dismissing FCRA claims of plaintiffs Israel and Gittel Perl).

In each of the instant cases, Mr. Perl adequately alleges that his report was obtained for an impermissible purpose by alleging that he "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from," Defendants. Compl. at ¶ 16, *American Express*; Compl. at ¶ 21, *Cohen*. But he fails adequately to allege willfulness or negligence.

While Mr. Perl asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints. *See generally Iqbal*, 129 S.Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)). Willfulness as used in the relevant provision of the FCRA, Section 1681n, means knowledge or recklessness. *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–60 (2007); *see generally* 15 U.S.C. § 1681n. Mr. Perl has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports.

In *American Express*, all he alleges is that he does not know what permissible purpose American Express might have had and that he did not have an account with American Express. *See* Compl. at ¶ 21, *American Express*.

In *Cohen*, Mr. Perl alleges that Cohen & Slamowitz accessed his credit report, which caused his credit score to decline and his auto insurance premium to rise. *See* Compl. ¶ 24, *Cohen*. He also alleges he contacted Cohen & Slamowitz to notify the firm of its alleged violation of FCRA in an attempt to settle his case. *See id.* ¶ 27. Finally, he alleges that "[t]here

was no account that the Defendant had any right to collect [*sic*] to have had permissible purpose to obtain Plaintiff's credit report." *Id.* ¶ 28.

These allegations do not include enough factual content to allow this Court to draw the reasonable inference that the alleged violation was willful. *See Zapolski*, 425 Fed. Appx. at 6., Mr. Perl alleges no facts that would establish that Defendants knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law.

Whether Mr. Perl suffered damages from the Defendants' actions or contacted them after their alleged violations is irrelevant to Defendants' state of mind. Likewise, Mr. Perl's allegation that he had no account with Defendants or no account on which Defendants were entitled to collect does not speak to their state of mind. Defendants' conduct could just as likely have been unintentional, and so Mr. Perl has failed to state a claim under Section 1681n.

**CONCLUSION**

For the foregoing reasons, the Complaint in *Perl v. American Express*, No. 12-cv-4380 (ER) is hereby DISMISSED in its entirety without prejudice and with leave to re-plead within 30 days of the date of this Order.

The FCRA claim (Count 1) in *Perl v. Cohen & Slamowitz, LLP*, No. 12-cv-4796 (ER) is likewise DISMISSED without prejudice and with leave to re-plead within 30 days of the date of this Order.

If Mr. Perl chooses to replead, to survive dismissal he must allege particular facts that would allow this Court to draw the reasonable inference that each Defendant is liable for the conduct alleged. Put another way, he would have to plead facts that would permit the Court to conclude that each Defendant's conduct was more likely illegal than legal based on the applicable

statute. Additionally, while he has already pled sufficient facts to support some elements of some of his claims, to the extent that he knows of other facts relevant to the conduct alleged, he would be prudent to add those facts to any amended complaints he may choose to file.

If Mr. Perl fails to replead any of his dismissed complaints or claims within the 30-day period, those complaints or claims will be dismissed with prejudice.

The non-dismissed claims in *Cohen* (Counts 2 and 3) will proceed in their current form.

It is SO ORDERED.


Dated: July 9, 2012
White Plains, NY

_____
Edgardo Ramos, U.S.D.J.